**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BROOKE CREDIT CORPORATION,** )<br>    )<br>    **Plaintiff,** )<br>    )<br>v. )<br>    )<br>**BUCKEYE INSURANCE CENTER, LLC,** )<br>    )<br>    **Defendant.** )<br>    ) | Case No.: 6:07-CV-01322-JTM-DWB |

### STIPULATED PROTECTIVE ORDER

By stipulation of the parties, in order to preserve and maintain the confidentiality of certain confidential information to be produced in this litigation, it is hereby ORDERED that:

1. Documents containing information in the following categories: (1) confidential financial information contained in tax returns, accounting records, non-public financial statements, financial worksheets, billing records, account statements and account worksheets; (2) confidential trade secret information; or (3) confidential insurance customer information may be marked as and considered Protected Documents given confidential treatment as described below. The examples of documents set out in this paragraph do not represent categories of documents upon which the parties have agreed in advance to designate as confidential.

2. A party may designate a document as a Protected Document by marking the document with the legend (or by otherwise recording the legend upon it in a way that brings it to the attention of a reasonable examiner) "Confidential-Subject to Protective Order".

3. For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, responses to requests for production, deposition transcripts and exhibits, pleadings,


motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a Protected Document as provided herein but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

4. Except as provided for in the paragraphs below, the Protected Documents shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as necessary for the preparation of trial in this civil action. And except as provided for in the paragraphs below, the parties shall keep all Protected Documents confidential from all persons.

5. A party may object to the designation of particular confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

6. Unless the party who designated a document as a Protected Document gives prior written consent or the Court Orders otherwise, the other parties and their representatives may show

Protected Documents and disclose their contents only to the following persons ("Qualified Persons"):

    a. The parties' respective counsel of record in this action;

    b. Employees of such counsel necessary to assist such counsel in the preparation or trial of this action;

    c. Employees of the parties whose assistance is necessary for the preparation or trial of this specific action;

    d. Independent witnesses, experts and consultants retained by the parties whose assistance is necessary for the preparation or trial of this specific action; and

    e. The Court, court personnel, jurors and trial witnesses.

7. Before being given access to any Protected Document, each Qualified Person defined under paragraph 3(c) and 3(d) hereof shall first have signed a counterpart of **Exhibit A** hereto acknowledging that he or she has read this Order, has agreed to be bound by it and will not disclose confidential documents or information.

8. The parties' counsel shall keep records of all copies of each Protected Document distributed to Qualified Persons. Any copy distributed to a Qualified Person shall be returned to the respective counsel for that party immediately upon the completion of the Qualified Person's consultation or representation in this case.

9. To the extent that any Protected Document is used in the taking of a deposition, it shall remain subject to the provisions of this Order.

10. The parties may use the Protected Documents at any hearing in, or the trial of, this action subject to any evidentiary objections to the introduction of such documents. Parties retain all evidentiary objections to the use of any Protected Document.

11. If a party wishes to include a provision for filing confidential materials under seal, then

the party must first file a motion with the Court requesting leave of the Court to file a particular document under seal and the Court must grant such leave to file the particular document under seal.

12. Promptly upon the conclusion of this civil action, including the conclusion of any appeal or possibility of appeal, all Protected Documents and copies shall be returned to the producing party's counsel.

13. This Order shall be binding upon the parties, upon parties' attorneys, and upon the parties' and their attorneys' employees, agents, independent contractors, and other persons or organizations over which they have control.

14. Nothing in this Order should be construed to prevent the parties from agreeing to a modification of these terms with Court approval. Furthermore, any party to this agreement may apply to the Court for a modification of this Order.

15. The terms and conditions of this Order will remain in effect unless and until modified by a further Order of this Court.

    s/  DONALD W. BOSTWICK  
DONALD W. BOSTWICK  
UNITED STATES MAGISTRATE JUDGE

    January 7, 2008  
Date

## EXHIBIT A

AGREEMENT CONCERNING PROTECTED DOCUMENTS COVERED BY PROTECTIVE ORDER OF January _____, 2008

I, _____, hereby acknowledge that:

    a)    I have received a copy of the Stipulated Protective Order ("Order") entered in this action by the United States District Court for the District of Kansas,

    b)    I have either read the Order and/or have had the terms of the Order explained to me by an attorney,

    c)    I understand the terms of the Order and agree to comply with and to be bound by such terms,

    d)    I may receive Protected Documents or information designated as confidential and understand that such documents and information are provided to me pursuant to the terms and restrictions of the Order,

    e)    I agree to hold in confidence any Protected Documents and information disclosed to me pursuant to the terms of the Order, and

    f)    I hereby submit myself to the jurisdiction of the United States District Court for the District of Kansas for resolution of any matters pertaining to the Order.

My address is:    _____
                                  _____
                                  _____

My employer is:    _____

Signature: _____        Date:_____